Our final case of the day is United States against Filzen. Ms. Christensen. May it please the court. Good morning, your honors. My name is Joanna Christensen and I represent the appellant Korrtel Filzen in this matter. Mr. Filzen entered into a binding plea agreement pursuant to Rule 11 C1C. The district court did not impose the binding portion of the agreement and did not give Mr. Filzen an opportunity to withdraw his guilty plea under Rule 11 C5. Ms. Christensen, I have a pretty fundamental question, not so much for you, but for your client. This looks like a very favorable plea agreement. Does your client really want to now reject the plea agreement and go to trial and lose the plea agreement's benefits? Your honor, I understand your concern. And yes, I have spoken to Mr. Filzen at great length about that concern because it is also one of my concerns. And he has assured me multiple times that this is a risk that he wants to take as a result of the error in the district court. He understands he could face $200 special assessment that he won't pay for decades. I think it's less than $200 special assessment and the nature of the plea agreement, pleading guilty to so many counts requiring consecutive sentence and an appeal waiver. I think that he is willing, the government points out, you know, he pled guilty and was willing to plead guilty. It's not necessarily that he wants to go to trial. It's that he wants to preserve his rights to potentially contest the stacking of 924Cs in the future should the law change again. That may be a pie in the sky type of thing, but it is Mr. Filzen's right. It sounds like you're laying the groundwork for an insanity defense. No, your honor, that's certainly not my intent, but it is based on the facts and the law in this case, something that Mr. Filzen is entitled to do and should have been given the opportunity by the suspended. Payment of it. Yeah. Well, I mean, I think that it currently is suspended because Mr. Filzen isn't serving a federal sentence, so he's not paying. It's a district judge or we said of the $1,100, $200 is suspended. I don't believe that either the district court is or this court has the ability to do that because under the nature of Section 3013, the special assessment is mandatory. I said I didn't say done away with. I just said suspended. You know, I suppose I've never heard of it, your honor, so I certainly have no basis for saying yes or no. I think that it would be an unusual provision to suspend part of a mandatory special assessment. Your appeal is unusual too in this case, so maybe it requires an unusual response. My appeal is unusual. The facts of this case are unusual. I find myself in an unusual situation, and I'm sure that had the district court probably realized what was going on, and I'm not sure anybody really realized what was going on, the court would find this an unusual situation as well. But the fact of the matter is the parties did agree to a C1C agreement that contained two substantive provisions, the sentencing range that the government, the defense agreed to, and the special assessment that was $900, of course $200 less than would be mandatory. And in these situations, the C1C agreement does have benefits and it does have responsibilities on the side of the district court. So the district court, when it accepted the plea agreement, was bound to apply the provisions that came under C1C. Of course, we know that the court could not apply those provisions. Perhaps as Judge Keeney indicates, the court could suspend a part of it to comply with that. I am, like I said, unaware of a provision that would allow that. But the Sure, right. Yeah, I agree that there is nothing either way. But the fact of the matter in this case is the district court did accept the plea agreement, but then did not impose the plea agreement as written. So the- Where did the $900 come from that came out of the same $100 per account? I don't know, Your Honor. There was no indication at any point that there was a previous plea agreement where the defendant would plead to nine counts. He did originally attempt to enter a plea of guilty before the government filed a superseding indictment. However, that the original indictment only had seven counts. So that wouldn't explain the error either. The government may have some insight, but certainly the record that we have now shows no basis for a $900 special assessment. Nine counts never seem to be on the table. So the district court then, when it realized that it could not accept or when it should have realized it could not accept this 11C1C plea agreement, should have followed the rule 11C5 provisions, which mandate that it inform the defendant, both parties, that it cannot accept the agreement, advise the defendant of such, and then give the defendant an opportunity to withdraw his guilty plea. The court also should advise that if the guilty plea is not withdrawn, and that would be a situation that could happen, that his sentence may be more than the plea agreement anticipated. However, the court did not follow this. And that error and that series of briefs, the government concedes that it's plain error, perhaps not conceding the last two elements of the plain error test, but it is error that affected Mr. Filson's substantial rights. He agreed to a C1C agreement that bound the court. These types of agreements are not used frequently, but are used as a great bargaining chip between the parties to come to an agreed upon sentence that binds the district court, which is a rare situation in federal court. It's not agreed to lightly, and it is not agreed to without some consequences for the defendant. In addition, it seriously affected the judicial process. Certainly, when the parties agree under C1C, this court cannot hold that those agreements don't have to be enforced. If it's de minimis, if it's a de minimis agreement, or the government thinks it's not a big deal, it is up to the court. Unless the court has further questions, I will reserve the remainder of my time. Certainly, Ms. Christensen. Mr. Reitz. May it please the court, Brian Reitz for the United States. I would like to make one point of clarification and address the substance of the claim. Judge Keeney, you asked where the $900 came from. The original indictment included nine counts. It was represented that there was only seven in the opening portion of the argument, but it was actually nine counts. It was seven robberies and two 924Cs. That's at docket one. So it was just a mistake that the plea was not updated from that original nine, which would be 900, to the current, as it stands, 11 counts, which is the correct 1,100. What's your view with regard to suspending $200? Well, Your Honor, I have to say I had not thought about that until you approached it. I'm not sure if it's possible. If it is, we really have no objection to it. Yes, it would. I mean, part of the reason we don't think there is a plain error here, reversible error, is because it's unlikely that $200 is going to be paid, certainly not for decades. While Mr. Filson is correct that it's mandatory, I'm not sure that's the same thing as so I don't want to necessarily take a firm stance one way or the other. On the substance, under Dominguez-Bonita— I heard you say you wouldn't object. That's correct, Your Honor. The government isn't particularly tied to the $200. As much as we don't want to encourage the court to do something that's not permitted by the statute, the $200 is not our primary concern here. I think it's fair to say. Anyway, Mr. Filson, to show reversible error under Dominguez-Bonita has to show a reasonable probability that for this error, he would not have accepted the plea. He can't do so, and I think through the briefing and the argument today, he hardly has even tried to. And on the particular error, I think our argument—it should be stressed—is pretty limited. We really are requesting the court to resolve this appeal on the facts of this case. One, the change in the special assessment was legally required, so this is a legal sentence. Two, it was de minimis. The $200 is not particularly important. I think it's fair to say. So it's not likely to have been something that would sway a defendant one way or the other, which I think Mr. Filson admitted essentially in his opening portion of the argument and say it's not the $200 why he wants out of this guilty plea. And then three, that there is no indication below that Mr. Filson wanted anything other than to plead guilty. So really, because of that and because of the contrary argument, we think there's no reasonable probability that Mr. Filson can show that he would have. Why is that, Mr. Rees, why is that a question? The rule says that the defendant gets a choice whether to withdraw the plea. What you now seem to be saying is that a judge can deny him that choice if the judge thinks that it would be foolish for him to exercise it. That's kind of like saying that the judge can deny him a right to represent himself if it would be foolish for him to do it. If a statute or rule creates a right, doesn't that mean it's something the defendant can do even though it's foolish? Certainly, Your Honor. Defendants can make foolish decisions, but the time to do that under the rules was below and under Supreme Court precedent. Once it reaches appeal under Dominguez Benitez, the standard is whether there's a reasonable probability he would have done so. So we certainly agree that if he would have broached this question at the plea hearing, even if it was foolish, he would have been entitled to withdraw from his plea. And the government couldn't have objected. The court couldn't have denied him that right. There's no question about that. But it is now too late to do that. And now the review under Supreme Court precedent is whether there's a reasonable probability that he would have taken that foolish action, and I don't think anything in the record suggests that he would have done so. And if there are no further questions from the panel, the government's happy to rest on it. One quick question, Mr. Reitz. And I remember Reitz High School was the arch rival of Harrison High School in Evansville, Indiana when I attended long ago. I don't know if you have Evansville ties. I went to Evansville, Harrison, your honor. Okay, we don't need to go there. But let me I'm concerned about your waiver argument. And in particular, it would seem to extend as well to a case in which, let's suppose we had this deal, an 11 c one c plea, the appeal waiver, and so on, in an agreement on a 10 year sentence. And if the judge came back with a sentence of 10 years in one month, and somehow nobody raised an objection to it, an appeal would be waived on that basis. Well, no, certainly not your honor. I think the precedent that we cited in our brief identify well, I should start over. Part of the reason is because the question is whether it's knowing involuntary. And we agree with this court's precedents and other contexts that the sentences, the prison term is beyond what a defendant agreed to, I think. I mean, as Mr. Kelton points out, a lot of these cases result in the government agreeing to remand, I don't think we'd be here if it was one month in prison beyond what the agreement was, I would have agreed to remand in this case, we just don't see the special assessment, especially $200 of the special assessment to be the same type of claim, render something involuntary. Thank you. With that, we would rest in our briefing if the panel has no questions. Thank you. Permanent counsel, Miss Christensen, anything further? Yes, your honor. Addressing the suspending of the $200 that that while that may solve the $200 issue, it does not say solve the C1C violation issue. What do you mean by that? Defendants agree to specific provisions under C1C and are entitled to have those enforced or withdraw from their guilty plea. Those are the rights the defendants have. And merely suspending the $200 doesn't mean that those C1C agreement has been enforced. The C1C agreement still has been enforced because there's an $1,100 judgment with $200 suspended. So I'm not sure that that would solve the issue in this case. The government relies on to be stopped. What if the government were stopped from collecting the extra $200? I suppose that may solve again, the $200 issue, but it doesn't solve the precedent that this court would put out there that some agreements under C1C are not worthy of the rule 11 protections and some are. Well, it would be a discretionary decision at step four of the plain error standard without blessing departures from the from rule 11. But we're dealing as we often are with messy situations in which issues were not raised when they could have been fixed very easily. Sure, Your Honor. And I understand that. I think that the plain error is specifically for these issues where there's more of an institutional problem in a C1C agreement being made and not followed by the district court. I think that that's what plain error is made for in those situations. Well, I think that's a fair point. I think that's a fair point. I think that the defendant has rights in this situation. So we're going to make a long way. Somebody knew that there was $100 per count and you move apparently from 9 to 11 counts. What happened? Well, I don't know. And I apologize for misrepresenting the original indictment at seven counts. It is 900 counts. It's not in the record exactly what happened. My guess is that it's somewhat of a typographical error. But the problem is the district court at the change of pre-portion of the hearing says that your special assessment will be $900 because you have agreed to that under C1C. And then moments later imposes $1,100. So for these reasons and the reasons in our briefing, I ask this court to reverse and remand to allow Mr. Filson to exercise his rights. Thank you. Thank you, counsel. I think in light of the questions that arose during oral argument, it would be prudent for the parties to submit supplemental memoranda within 14 days addressing the question whether any part of the special assessment can be suspended. That strikes me as the same sort of question as whether part of a mandatory minimum prison sentence can be suspended. You suppose a rule 11C agreement calls for four years in prison and the statute requires a minimum of five. Could a judge say, I sentence you to five years, one year suspended, so you're going to serve only four? That seems to me pretty much the same question. And we would appreciate briefs from the parties simultaneous within 14 days on that question. And when those memos have been received, the case will be taken under advisement. Okay. Thank you, your honor. The court will be in recess.